IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NL INDUSTRIES, INC, for itself and as assignee of Meta Knous, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 04 C 7914 |
| v. | )<br>) Judge Robert W. Gettleman |
| LIAM VENTURES, INC., f/k/a FARLEY METAL, INC., | )<br>)<br>) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

In its three-count first amended complaint[1], plaintiff NL Industries, Inc. ("NL Industries"), for itself and as assignee of Meta Knous ("Knous"), alleges that defendant Liam Ventures, Inc. ("Liam") has refused to pay health and medical care benefits to Knous. Counts I and II assert state-law claims for breach of contract and indemnity, respectively, and Count III asserts a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

Defendant has moved to dismiss Count III[2] for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that plaintiff has not alleged the existence of an ERISA plan. For the reasons stated below, the court denies defendant's motion to dismiss.

---

[1] The instant amended complaint was originally filed as an amended counterclaim in an action pending in the Circuit Court of Cook County. The counterclaim was severed from the state action, and defendant removed it pursuant to 28 U.S.C. § 1331.

[2] Defendant's motion to dismiss sought to dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6), but it withdrew these challenges in its reply.

## FACTS

Plaintiff NL Industries, a New Jersey corporation, is a successor of Doehler-Jarvis, which employed Jerry Knous at the time he died in a workplace accident in 1974. Jerry Knous's widow, Meta Knous ("Knous"), began receiving benefits in April 1974. According to plaintiff, as part of its employee benefits program in 1974, Doehler-Jarvis provided free lifetime health and medical care benefits to the surviving widow of an employee. Knous assigned her rights to plaintiff pursuant to a written agreement dated November 12, 2004.

Defendant Liam, a Delaware corporation, is the successor in interest to Farley Metals, Inc. ("FMI"). In 1982, plaintiff and FMI entered into a transfer of assets agreement ("Assets Agreement") and an assumption agreement ("Assumption Agreement"), which transferred the assets of plaintiff's division that included Doehler-Jarvis to FMI,. FMI agreed to assume plaintiff's liabilities concerning employee benefits and to continue the collective bargaining agreements in effect at the time of purchase. According to defendant, payments to Knous since 1974 were made pursuant to a worker's compensation settlement reached after her husband's death, and not pursuant to an employee benefit plan. From the time FMI purchased Doehler-Jarvis in 1982 until 1992, FMI and its successor, defendant, provided free health and medical care benefits to Knous.

In or about 1992, defendant was placed into involuntary bankruptcy. During the bankruptcy proceedings defendant moved to terminate its obligations with respect to its retiree plan. Participants in the retiree plan and the United Auto Workers ("UAW") brought a class action suit against defendant. The class action was settled, and defendant agreed to create a new retiree health plan for the group of UAW retirees and their surviving spouses ("1993 Plan") that

included Knous. Under the 1993 Plan, for the first time, participants were required to pay a share of the monthly premiums. Knous filed an objection to a proposed class settlement, arguing that she was entitled to free lifetime benefits.

In a letter dated November 11, 1992, from counsel for the bankruptcy class to counsel for FMI, class counsel states that counsel for FMI had made certain statements "on the record" regarding Knous, including that: (1) she is a class member and thus entitled to participate in the settlement; (2) FMI has assumed plaintiff's responsibility "for any agreement previously made with Ms. Knous arising from the worker's compensation settlement"; and (3) if it is determined that Knous was promised "something in addition to the rights she had under the [CBA]," FMI will waive the monthly contributions. From 1992 through 2002, FMI provided Knous with free health and medical care benefits.

In June 2001, defendant, struggling financially, entered into an agreement with UAW under which the 1993 Plan was terminated effective December 31, 2002. During a hearing before Judge Baylson of the District Court of the Eastern District of Pennsylvania on December 20, 2002, regarding a joint motion by FMI and UAW to modify the class settlement agreement, counsel for FMI stated that Knous had filed the only objection to the settlement. FMI's counsel represented that Knous objected on the basis that pursuant to a separate legal agreement with NL Industries, which was assumed by Liam, she is entitled to coverage at no cost. Counsel further stated that Liam "acknowledges" that it has "some form of legal obligation to her," and that at "the very minimum, she will be allowed obviously to participate in the benefits of the new plan." The 1993 Plan was subsequently replaced by a UAW controlled and managed plan ("UAW Plan"), which provided reduced benefits and required a monthly contribution. Knous elected not

3

to participate in the UAW plan. Defendant ceased providing medical benefits to Knous, and did not pay her monthly premiums.

On May 6, 2004, counsel for Knous contacted plaintiff and stated that if defendant did not fulfill its obligations to provide Knous with free health and medical care benefits, Knous would sue plaintiff and defendant. On June 2, 2004, Knous filed suit against plaintiff and defendant in the District Court for the Northern District of Ohio, Case No. 04 CV 7342. Knous asserted a claim under § 502(e) of ERISA, alleging that plaintiff and defendant had violated their obligations to pay the full cost of health care coverage for the rest of her life. Before and after Knous filed suit in Ohio plaintiff demanded that defendant defend and indemnify plaintiff from Knous's ERISA lawsuit, but defendant refused. Plaintiff informed defendant that it had entered into settlement negotiations with Knous, but defendant did not meaningfully participate in the settlement discussions. Plaintiff settled Knous's Ohio ERISA lawsuit, and agreed to provide her with health and medical benefits, attorneys fees as provided by ERISA, and pay for the insurance coverage she procured after defendant terminated its coverage. The actuarially determined, present cash value of the settlement, plus additional costs, is approximately $329,200.00.

## STANDARD

Rule 12(b)(1) motions are premised on either facial or factual attacks on jurisdiction. Villasenor v. Industrial Wire & Cable, Inc., 929 F. Supp. 310, 311 (N.D. Ill. 1996). If the defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction, it is proper for the court to look beyond the jurisdictional allegations in the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (per

curiam); Barnhart v. United States, 884 F.2d 295, 296 (7th Cir. 1989). The Supreme Court has held that an attempt to plead a federal claim fails only where it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v Hood, 327 U.S. 678, 682-83 (1946).

## DISCUSSION

Count III of plaintiff's amended complaint asserts an ERISA claim as Knous's assignee. Defendant argues that Count III should be dismissed pursuant to Rule 12(b)(1) because plaintiff has failed to allege the existence of an ERISA-governed plan. "[T]he existence of an 'ERISA-governed plan' is an essential precursor to federal jurisdiction." Cvelbar v. CBI Illinois Inc., 106 F.3d 1368, 1373 (7th Cir. 1997), *abrogated on other grounds not relevant here by* International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine, 161 F.3d 427, 430 (7th Cir. 1998). For the reasons discussed below, plaintiff has sufficiently alleged an ERISA plan.

Plaintiff clarifies in its response that Knous's lifetime benefits were "provided by her husband's employer as part of [a] collective bargaining agreement [("CBA")]" in effect in 1974, which plaintiff asserts was an employee welfare benefit plan within the meaning of ERISA. Pursuant to the Assets Agreement and the Assumption Agreement defendant assumed the obligations under this plan. As the Seventh Circuit has noted, retiree benefits may be granted by a CBA or under the summary plan documents for an ERISA plan, Bland v. Fiatallis North America, Inc., 401 F.3d 779, 784 (7th Cir. 2005), and ERISA plans are often adopted pursuant to the terms of a CBA. See, e.g., Inter-Modal Rail Employees Ass'n v. Atchison, Topeka and Santa Fe Ry. Co., 520 U.S. 510, 513 (1997).

5

Although plaintiff does not provide a copy of the CBA in effect in 1974, it attaches a page of a document titled "Summary of Pension Plan, Insurance Program, Supplemental Unemployment Benefits Plan"established by agreement between Doehler-Jarvis and the UAW ("Summary"). The page contains a portion of Section 3(d),"For Surviving Spouses," which states,"The Company will make monthly contributions for hospital-surgical-medical coverages on behalf of the surviving spouse of an active employee and that spouse's eligible dependants until such time as that spouse shall remarry." Defendant argues that the Summary provides benefits until remarriage only, not for life, contrary to Knous and plaintiff's description of her entitlements as "lifetime." In the instant case, however, the distinction has no practical effect because Knous never remarried.

Defendant admits in its reply brief that Knous was a member of an ERISA plan as the surviving spouse of a Doehler-Jarvis employee, but argues that defendant's obligations to Knous are no greater than those to other Doehler-Jarvis employees. According to defendant, because the 1993 Plan was properly terminated and the Summary does not provide for lifetime benefit, any entitlement by Knous to lifetime benefits arises from an agreement outside of the ERISA plan. In particular, defendant argues that Knous received these benefits pursuant to a worker's compensation settlement, and thus cannot state an ERISA claim.[3] Defendant's factual contentions are largely premature on a motion to dismiss, even on the grounds of lack of subject matter jurisdiction. Moreover, plaintiff has presented some evidence in support of the existence of an ERISA plan providing lifetime benefits. Defendant's counsel stated during the 2002

---

[3]Plans "maintained solely for the purpose of complying with applicable workmen's compensation laws" are specifically exempted from ERISA coverage. 29 U.S.C. § 1003(b)(3).

hearing on modification of the class settlement regarding the 1993 Plan that Knous's objection was based on a "legal right that does not involve the class," and that defendant would continue to pay the full cost of Knous's benefits even though all participants in the new UAW Plan would have to make co-payments. The adjudication of whether counsel's statements reflect a recognition that Knous's ERISA rights varied from those of other Doehler-Jarvis employees, that Knous was entitled to lifetime benefits based on a non-ERISA agreement, or something else entirely must wait for a summary judgment motion or trial.

Similarly, whether Knous received benefits as a result of a worker's compensation claim raises questions of fact, and defendant has failed to establish that plaintiff's claims are "wholly insubstantial and frivolous" and thus fail to confer subject matter jurisdiction. Bell, 327 U.S. at 682-83. The only affirmative evidence submitted by defendant in support of this assertion is the 1992 affidavit of Sheldon Wittenberg ("Wittenberg"), who represented Knous in 1974, which states that Knous received the subject benefits pursuant to a worker's compensation settlement. Wittenberg's affidavit, however, was prepared nearly two decades after the events in question and without the benefit of his file, which he admits that he could not locate. In addition, the Ohio worker's compensation award dated May 22, 1975, does not mention medical benefits. Knous continues to receive regular worker's compensation payments, and there is no suggestion that she ever received a lump sum, which may be more indicative of a settlement that reduced the benefits she was entitled to under worker's compensation in return for a medical insurance benefit.

Defendant argues, without cogent explanation, that plaintiff's allegation of an ERISA plan is contradicted by Knous's previous contentions when she objected to the bankruptcy class settlement and its modification, and in her Ohio lawsuit. The court disagrees. Knous has been

doggedly persistent in her contention that she is entitled to lifetime medical benefits and she asserted an ERISA claim in her Ohio lawsuit. Although it does not appear that the 1974 CBA has previously been raised as evidence of an ERISA plan or the source of such a plan, defendant fails to point to anything that precludes that contention in the instant lawsuit.

At this stage in the litigation, it is sufficient that plaintiff has clearly alleged an ERISA plan, and presented some competent evidence of such a plan, including the Summary and defendant's statements during the 2002 hearing on the modification of the class settlement. Cf. Williams v. Aztar Indiana Gaming Comm'n, 351 F.3d 294, 300 (7th Cir. 2003) (federal court lacks subject matter jurisdiction only over "baseless" federal claim).

Accordingly, the court denies defendant's motion to dismiss Count III.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss Count III pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is denied. Defendant is directed to answer the amended complaint on or before September 12, 2005. The parties are directed to file a joint status report using this court's form on or before September 19, 2005. The matter is set for a hearing on status on September 22, 2005, at 9:00 a.m.

**ENTER:** **August 18, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**